UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN CRAIG BESCO,

    Petitioner,

v.

TERRY CARLTON,

    Respondent.

Civil No. 06-854 (MJD/JSM)

**REPORT AND RECOMMENDATION**

    This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

    The Court reviewed Petitioner's initial submissions shortly after this action was commenced, and found them to be inadequate in several respects.  Most notably, Petitioner did not show that he had exhausted his state court remedies, and it appeared that his petition might be time-barred.  In addition, Petitioner filed an application to proceed in forma pauperis, ("IFP"), but his application failed to show that he was unable to pay the $5.00 filing fee for this case.  The Court therefore directed Petitioner to (1) file an affidavit showing that he fully exhausted every possible state court remedy with regard to each claim raised in his current habeas corpus petition, (2) file an affidavit and memorandum explaining why his petition should not be summarily dismissed due to untimeliness, and (3) pay the full $5.00 filing fee for this action.  (Order dated March 3, 2006; [Docket No. 4].)  The Court's order expressly advised Petitioner that this action would be subject to summary

dismissal if he did not comply with all three of the requirements set forth in the order within twenty (20) days.

The deadline for complying with the prior order has now expired, and the Court finds that Petitioner has not satisfied any of the requirements of that order.  Indeed, Petitioner has not communicated with the Court at all since he filed this action.  Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").  Based on the Court's determination that this action should be summarily dismissed, it will also be recommended that Petitioner's pending motion for appointment of counsel, (Docket No. 2), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's "Motion For Appointment Of Counsel On Appeal," (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**.


Dated:      April 6, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 24, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the

basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.